pro., se.
Carl McIntosh #22260-044
FCI-Terre Haute
P.O. Box 33
Terre Haute, IN 47808



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

Carl McIntosh,

     Plaintiff,

vs.

Harley G. Lappin, Alberto R. Gonzales,
Michael Mukasey, Michael Nalley, Mark
A. Bezy, Rick V. Veach, H. Marbury,
Paula Jarneck, Brian Jett, D. Ebert,
David Young, Jeff Lamping, Randall
Johnson, Craig Coil, S. Seanez,
Thomas Webster, Julie Beighley, Debi
Lamping, Andy Rupska, Eurrea, Dennis
Gaymon, Germapo Tavares, Juan Castillo,
Wendy Roal, Don Carlson, Bruce Baumgartner,
Rachel Swalls, R. Baskerville, Robert
Erwin, Mr. Rowe, United States Dept
of Justice, Federal Bureau of Prisons,
United States of America, and any other
successor to their office. Et., Al.,

     Defendants.

2:08-cv-0071 LJM-WTL

CN. _____

CIVIL RIGHTS COMPLAINT
UNDER BIVENS. 28 USC§1331

DEMAND A JURY TRIAL

CIVIL RIGHTS COMPLAINT

I.

PRELIMINARY STATEMENT

A.  NATURE OF THIS ACTION.

1.  Plaintiff, Carl McIntosh since Aug. 09, 2006, has been incarcerated at the Federal Correctional Institution, Terre Haute, Indiana. The records shows that the Plaintiff is held in custody under color of authority of the Unites' States Department of Justice, United States of America, and in the control and care of the Federal Bureau of Prisons herein. Plaintiff is in custody under living conditions that are Cruel and Inhumane.

2.  Plaintiff, brings this action, to redress for violations of his Constitutional Rights, and injuries suffered herein. In addition Plaintiff, bring this action upon "BIVENS".

3.  This action arises under the Constitution, particularly under the provisions of the "First", "Fifth", and "Eighth" Amendments, substantive claims of the "Right of Choice", "Cruel and unusual Punishment", and "Procedural Due Process".

4.  Plaintiff, is made to suffer with different kinds of medical problems, from building contaminates, suchas breathing filth, asbestos and other danagerous particals cause by unfiltered uncycled air and drinking rusted, polluted water. Also by reasons of inadequate, improper and incompetent medicial and dental treatment-care, and by Defendants knowingly housing Plaintiff in the facility that was condemn and schedule to be demolished when the new USP was built statement by Instructor Joe McCarthney. A facilty not suitable for the Plaintiff or other inmates, that the government had deemed should be replaced built the new USP.

2.

5.  Plaintiff, alleges further that the overcrowding and deplorable sanitary conditions "inter alia" forced Plaintiff and others to live in an unsanitary cons, of confinement which is extremely unpleasant and medically danagerous because the facts that Plaintiff as well as others risk infection of a known danagerous viral contagiousness.

6.  Plaintiff, also alleges that the overcrowding and the lack of medical doctors and professional staff has forced Plaintiff to endure long periods of intense pain and discomfort, which has caused plaintiff to substain bodily injuries, boils, unknown bumps and sores and engrown toenail with infected fungus growth that was schedule to be remove in Feb. 2006 and forgotten about, but the Plaintiff still suffer from the pain, and still requesting service.

7.  Plaintiff, suffered pain needlessly and unjust when relief was available, but because of the deliberate indifference, of the Defendants for overcrowding the facility cause the medical-dental overcrowding, unsanitary conditions which caused the Cruel and Unusual Punishment, violating the Eighth Amendment.

8.  Plaintiff, asserts these conditions are exacerbated by Defendants malfeasance has aggravated the unsanitary conditions by habitually refusing to issue proper cleaning supplies such as "disinfectant" and ect..

9.  Defendants, posses knowledge of the infirm conditions and have the means to cure the deplorable conditions, but the Defendants intentionally refusing to prevent the unsanitary conditions has put the Plaintiff , as well as other in a dangerous environment.

3.

10.   Plaintiff, alleges further the the FCI has serious unsanitation deficients or otherwise degrading conditions which includes breathing Asbestos, Filth, has Pest Infestion, Unregulated Tempertures, Ventilation, Contaminated Water Pipes and Drinking Water, Plumbing, Noise; Toilets, and Urines are constantly coated with urine including the floors.

11.   Plaintiff, content that the walls, ceilings and the floors has small cracks and holes which permits insets to infest the walls. The inade inadequacies of the insects, vermin control, which allows roaches to infest the cells, storerooms and hallways, subjecting Plaintiff and others to unhealthy, unsafe living conditions, which a health hazardous injurious in nature.

12.   Plaintiff, is forced involuntary to be exposed to living in Filth, unclean wter, leaking and unadequate plumbing, roaches, rodents infestation and the constant smell of human waste, which is a serious health problems(TB infection) and a danagerous and hazardous conditions.

13.   Plaintiff, further alleges that the "Commissary" is unconstitutionally overcharging prisoners, by marking up items to 35% to 55%, except stamps. Prisoners are not paid a minimum wages, that the Labor Act states.

14.   Plaintiff, has suffered by reasons of inadequate incompetent and improper prison personnel by not supervising the units, puts Plaintiff in dangers, in the nature of emotional pain, suffering sinsecurity as a result of the incompetent personnel.

15.   Plaintiff, is also forced to suffer the indignities of overcrowding, unsanitary conditions in the FCI, and is unable to maintain the normal standard of hygiene care, for him tomeet his

4.

physical condition necessitated.

16.    Plaintiff, a federal prisoner is being detained in a federal facility which supplies bad out dated foods and house tow(2) prisoners into lodgings originally intended to house only one(1) prisoner.

17.    By comparison, other prisoners are lodged in federal prisons that are some what cleaner and consequently receive better treatment and live in conditions that are patently superior to the living conditions the Plaintiff is forced to live. The food is newer and better in other federal facilities.

18.    It is immoral and unconstitutional to keep Plaintiff incarcerated in the supposely condemned medical center at FCI Terre Haute, where he must suffer all the defects of the institution while other prisoners receive the preferential treatment of the FBOP.

19.    There can be no justification for keeping Plaintiff housed in an unsanitary conditions, when it is at the expense of the health and well-being of Plaintiff, whom proablely get stomach cancer from drinking contaminated, rust water and mesothelioma a lung cancer from the exposure to asbestos, in his elderly life.

20.    Defendants, Bezy, Veach and Marbury's over-all lacking managing and controlling their staff, is a direct contribution to the violations of Federal Law[s], and the Constitution at FCI-Terre haute, Indiana.

                                  II.

B.  JURISDICTION AND VENUE.

21.    This action arises under the Constitution, particularly under the First, Fifth and Eighth Constitution Amendments and

                                  5.

substantiation claims herein arises under Title 42 U.S.C. §1985(a) (2)(3), §1986, and Title 18 U.S.C. §§241 and 242.

22. Plaintiff, institutes these proceedings and invokes the jurisdiction of the Court under and by virtue of 28 U.S.C. §1343(a)(2)(3)(4), to obtain the costs of this suit including reasonable Attorney's fees, damages and in furtherance of conspiracy and fialute to prevent the injuries.

23. The District Court shall have original jurisdiction under Title 28 U.S.C. §1357, of any Civil Action Commenced by any person[s] to recover for Constitutional Violation and for injuries to his/her person/or property.

24. The Court's jurisdiction is involved pursuant to Title 28 U.S.C. §1331, upholding Plaintiff's claims under the Constitution.

25. Venue is proper in the United States District Court for the Southern District of Indiana, since the cause of action in this complaint occurred inthe county of Vigo, City of Terre Haute,Indiana.

26. The amount is exceeds the Fifty Thousand[50,000] Dollar, excluding costs and interest. Plaintiff invokes his Seventh Amendment Right to demand the right to a jury trial.

### III.

C. PLAINTIFF.

27. Plaintiff, Carl McIntosh, pro se, at all times pertinent hereto is a citizen of the United States, and is incarcerated at the Federal Correctional Institution, Terre haute, Indiana.

D. DEFENDANTS.

28. Defendant, Harley G. Lappin, is at all times pertinent hereto is the duly appointed and acting Director of the Federal

6.

Bureau of Prisons. As Director Defendant has the following duties
as set out in the Federal Code of Regulations.

    29.  Defendants, Alberto R. Gonzales and now Michael Mukasey,
at all times pertinent hereto is the duly appointed and acting
Attorney General. As Attorney General Defendant is the ultimate
authority responsible for making official policies, rule, regulations,
procedure and to insure the prisoners have a safe environment.

    30.  Defendant, Michael Nalley, at all times pertinent hereto
is the duly appointed and acting north central regional Director.

    31.  Defendants, Mark A. Benzy, Rick V. Veach and now H. Marbury,
at all times pertinent hereto is the duly appointed and acting
Warden of the Federal Corr ectional Complex at Terre Haute, Indiana.

    32.  Defendants, Paula Jarnecke and now Brian Jett, at all
times pertinent hereto is the duly and acting Warden of FCI-Terre
Haute, a facility of FCC-Terre Haute.

    33.  Defendants, D. Ebert and now David Young, at times pertinent
hereto is the appointed and acting Associate Warden of Operations.

    34.  Defendants, Randall Johnson and now Craig Coil at all
times pertinent hereto is the duly appointed and acting Food Admin.

    35.  Defendant, Jeff Lamping, at all times pertinent hereto
is the duly appointed and acting Safety Officer.

    36.  Defendants, S. Seanez and now Julie Beighley, at all
times pertinent hereto is the duly appointed and acting Health
Service Administrator.

    37.  Defendant, Dr. Thomas Webster, at all times pertinent
hereto is the duly appointed and acting Medical Director.

38.   Defendants, Debi Lamping and now Andy Rupska & Ms. Eurrea, are the duly appointed and acting Assistant Health Administrators.

39.   Defendant, Dennis Gaymon, at all times pertinent hereto is the duly appointed and acting Director of the Commissary.

40.   Defendant, Germapo Tavares, at all times pertinent hereto is the duly appointed and acting Associate Warden of Industry and Education.

41.   Defendants, Juan Castillo and now Wendy Roal, at all times pertinent hereto is the duly appointed and acting Associate Warden of Programs.

42.   Defendants, Don Carlson and now Bruce Baumgartner, at all times pertinent hereto is the duly appointed and acting Unit Manager for the Plaintiff's dorm.

43.   Defendants, Robert Erwin and now Mr. Rowe, at all times pertinent hereto is duly appointed Counselor of Plaintiff's dorm.

44.   Defendants, R. Baskerville and now Rachel Swalls, at all pertinent hereto is the duly appointed and acting Case manager for the Plaintiff.

45.   Defendant, United States Dept. of Justice, at all times pertinent hereto, as such has a Constitutional duty to provide a safe environment, including proper Medical/Dental and proper sanitation relevant hereto.

46.   Defendant, Federal Bureau of Prisons, at all times hereto is a political subdivision of the United States of America, duly organized as a Federal Agency possessing the Corporate power to sue and to be sued. Defendant Federal Bureau of Prisons, is vested with the Government and management of FCI and USP's with the pro-tection of all the prisoners in its custody and control, relevent.

8.

47.   Defendant, United States of America, at all times
pertinent hereto has a Constitutional duty to provide suitable
quarters, and to provide for a safe environment, sanitation, fire
safety and medical/dental, relevant.

48.   Defendants, Nalley Bezy, Veach and Marbury, all are members
of the Federal Bureau of prisons, an are charged with the following
duties under the Federal Code of Regulations, to advise the Director
Lappin of the safety, sanitation, medical/dental, as to all phases
of professional standards, treatment programs, obtaining adequate
staff and operation of practices to be compatible with requirement.

49.   Defendants, Nalley, Bezy,Veach, Marbury, Jarnecke, Jett,
Ebert, Young, Lamping, Johnson,Coil,Seanez, Webster, Beighley,
Lamping, Rupska, Eurrea, Gaymon, Tavares, Castillo, Roal, Carlson,
Baumgartner, Swalls, Baskerville, Erwin, Rowe are at all times
pertinent hereto was/are the servants, agents, appointees and
employees of Defendants Lappin, Gonzales, Mukasey, Bureau of Prisons,
Dept of Justice and the United States of America, acting in the
furtherance and with said scope of said relationship,of the said
Director, Attorney General, Bureau of Prisons, Dept. of Justice and
the United States, are accountable at law for act/actions of said
Defendants under Federal Case laws and with the meaning of the
spirit of the Constitution.

50.   Defendants, United States of America, Dept of Justice and
The Bureau of Prisons are sued in their official capacities.

51.   Defendants, Lappin, Gonzales, Mukasey, Nalley, Bezy,
Veach, Marbury, Jarnecke, Jett, Ebert, Young, Lamping, Johnson,
Coil, Seanez, Webster, Beighley, Lamping, Rupska, Eurrea, Gaymon,

9.

Tavares, Castillo, Roal, Carlson, Baumgartner, Swalls, Baskerville,
Erwin and Rowe, are all being sued in their individual and personal
capacities.

IV.

STATEMENT OF FACTS

E.   CONDITIONS OF CONFINEMENT.

52.   FCI-Terre Haute, is located in the city of Terre Haute,
County of Vigo, State of Indiana, inwhich the construction dates
back to the 1930's and sits on approximately 27-acres, the complex
is surrounded by three(3), ten(10) foot high fences with razor on
the top of the fence and a green water tank outside the fence.

53.   FCI-Terre Haute is being operated by Defendants, Lappin,
Gonzales, Mukasey, Nalley, Bezy, Veach, Marbury and Jett, pursuant
to Federal Laws and the Constitution. Prisoners are housed on two
central strctures known as East and West wings. Prisoners are
housed in double tiers, inwhich the cells were designed to hold
one prisoner each, however two(2) prisoners are placed in a cell.

54.   The FCI is designed for a maximum capacity of about one-
thousand-two-hundred(1200) prisoners. Said designed was planned
and intended for single occupant cells.

55.   The East and West units together have eleven(11) dorms,
plus the shu. In the east block there are five(5) dorms, I-J-K-L-
M, with the hospital , Education the Gym and safety office, There
are 268 cells that are in use with 2 inmates in each totalling 536
prisoners, and the I-unit is not in use.

56.   The West block contain units B-C-D-E-F-G, Counselors
Complex, Chapel, Mental health, Library and the Commissary.   There

are approximately 222 cells with about 444 prisoners, however it should be noted that G-Dorm is an open dormitory and B-unit is not in use.

57.   A typical cell in the East-wing and the West-wing measure 6 X 10 = 60 square feet, which contains toilet, sink,two lockers, one bunk bed and one shelve, and no table, but C and G- Dorms have not toilets or sink in or by their bunks. The useable floor space is approximate 10 to 13 square feet remaining for 2 prisoners to share as living space. The cells are heated by wall radiation, the heat is excessively hot both winter and summer, the air circulation system is very poor and not adequate.

58.   The present population exceeding the designed standard by approximate fifty percent (50%). The small remaining space does not even allow for a table to be placed in the cells meaning all writing must be done on the bunk beds.

59.   In 2005 this USP Terre Haute was schedule to be demolish, since the new USP was built, but this old building became FCI-Terre haute and a care level 3 Medical Treatment Center, for [C.O.P. Lung Condition], the air hear is not being filtered and is contaminated with abestos, filth, dust, lint, human feces, and urine, plus other contamination. The water is contaminated with rust and other pollutants.

F.   CONDITIONS OF THE CELL.

60.   In addition to the cramped and dingy space, the plumbing, ventilation, heating noise and no emergency alarms system to alert the Duty Officer. The nois problems make the units a difficulty place in which to live, the situation is aggravated by officers not taking control of their units, and by the continuous din,

11.

and sanitation is a continuing problem.

61.   In addition to bing overcrowded conditions in the units
are unsanitary and medically dangerous, the prison has no general
cleaning plan and prisoners have sole responsibility for cleannes
of each cell. However, the FCI fails to provide adequate disinfect
cleaning supplies, for the prisoners to clean their cells and showers.

62.   Furthermore, some mentally ill prisoners are housed in
the units and their frequently refused to clean their cells excel-
lently  for sanitation problems. The prison does not even clean
the cells when a prisoner is transferred or goes to the [SHU], and
places  another inmate in that dirty cell.

63.   The dngerously high "Noise Levels' are intolerable, the
volume of noise in the units is at least like a train at 100 feet
away. It must be emphasized that such levels are fairly constant
during the waking hours. At least between the hours of 7:00 am
to 10:00 pm, which is very loud.

64.   The structure, is so largely built of steel and concrete
its a natural for noise ehcoes, the yelling of prisoners whom are
communicating with each other and the banging of the dominoes on
the tables, clanking of the dorrs being opened and closed. Which
the hardships that is imposed upon the Plaintiff's, by quiet time
or the only time when a peace of mind is established, after 10:00pm
the only time reading is possible, which has caused Plaintiff's
and others to develope severe headaches and other emotional trauma
for the noise.

65.   Plaintiff and others contend that the effect of such
noise levels on the health of Plaintiff and others cannot be
ignored, because the high levels are irritability and dangerous

psychologically effects of the confinement, here at FCI, Plaintiff
and others have and will, in time establish a hearing loss. It is
a real danger at decibles reading on averaging 70 to 80 db's,
which should remain between 10 to 15 db's to insure safety.

    66.   The cells in which Plaintiff and others are confined
provide barely one quarter [$\frac{1}{4}$] the square footage of apace required
by the Modern Correctional Standards, at the FCI., policies state-
ment §1060.11, states that the cells are not to be less than 70
square feet per prisoner. The FCI has inadequate failed to meet
the health and safety needs of Plaintiff and others, because the
conditions are grossly inadequate and Constitutionally Impermissible.
G.   CELL SANITATION, VENTILATION AND PLUMBING.

    67.   The inadequate of insect and vermin control, let roaches
infest the storerooms, cells and the floors have small cracks and
holes, which permit insects to infest the rooms posing a health
hazard injurious in nature at night.

    68.   Plaintiff and others are being subject to unhealthy and
unsafe living conditions, in addition there are a number of problems
with the plumbing system, which is inadequate in handling the needs
of the current population at the FCI. The toilets are continually
regurgitating "Raw Sewage Material' from other parts of the units
through-out the prison, causing noxious odor in the cells and Units.

    69.   In the units there are always leaks and puddles, sewer
backing up, septic water leaks within the plubing chases are never
cleaned out, making it medically dangerous, for infection of Air-
borne diseases, suchas Tuberculosis.

70.  The shours are poorly maintained and are in a constant
state of disrepair, leading to temperature intolerably 'hot',
or 'cold'. Furthermore the showers are encrusted with dirt, slime
and mold between the seams in the tiles, has accumulated in the
chonically wet areas.

71.  The mattresses in most cells are torn and neither replaced
nor, disinfected [clean] between occupants, and have been saturated
with prisoner's body fluids. The mattresses and pillows shelters
dust mites, fleas, lices, staff infection and sometimes scabies
and many other forms of bacterious diseases.

72.  Ventilations is grossly inadequate, during the summer
months, air flow is provided by opening windows and fans that
circulates the air cause dust/lint, asbestos to recirculate, and
fans are'nt clean on a regular basis, causing Plaintiff and others
to be forced into breathing dunk air.

73.  There are no systems to control the temperture or humidity
causing excessive odors, heat and humidity, the insufficient vent-
ilation system significantly increases the high risk of transmission
of airborne diseases. Furthermore, the inadequate ventilation and
air flow undermines the health of Plaintiff and others and the
Sanitation at the FCI. Plaintiff further alleges that the cells are
permeated with stale air and is saturated with the fumes of feces,
the smell of urine, as well as other stale bodily odors.

74.  The plumbing is also inadequate most of the toilets in
the bathrooms in my dorm and the cells are old and urine sediments
have accumulated in the cracks in the floors causing noxious odors,
urine is also accumulated in the rough concrete walls which are

14.

difficulty to clean.

75.   The water is polluted, has rusted in it and is unfit to drink, because the water becomes dark rust colored, brown for a period of time and possess floating particles, this same water is used daily to prepare food in the kitchen, the pipes are very old and corroded with rust and lead and in the cell it sometimes come out brown in the sinks and toilets.

H.   KITCHEN FACILITIES AND FOOD SERVICES.

76.   The kitchen is located between the East and West units in the center of the building, it includes, bakery, dishwashing area, food storage space, a butcher shop and a walk-in meat cooler, a dairy and bakery refrigerators and some freezer. The area is a state of serious disrepair, neither the floor construction nor, the drainage system in the kitchen area are adequate for maintaining proper sanitation maintenance.

77.   Plaintiff further alleges that the Food Services area fails to meet any known public health  standard, the kitchen facilities and the equipment are absolete, unsanitary and most of the deficiencies are caused by a lack of routine maintenance operational and cleaning procedures.

78.   There are extended numbers of problems with the sanitation of the Food Service Department here at the FCI., one of the problems is the kitchen is under the old Movie Theatre, which has dead birds, mice feces and when it rains it leaks down into the Kitchen, washing all feces and other contaminations, onto eating supplies and is unhealthy and a dangerous condition. Over the years there has been several cases of food poisoning, resulting from either dripping from

above onto the eating supplies, improper food temperture or by a
high bacteria count in the food, because of not keeping and main-
taining correct tempertures before serving from non-functioning
stem bends.

79.   These deficiencies have long been serios problems and the
unsanitary conditions have a direct impact on the health of the
Plaintiff and the prison population. The conditions are grossly
inadequate and the food storage conditions at the FCI are infested
with rodents, cockroaches, mices and rodent's feces in the commo-
odaties are highly medically dangerous to the Plaintiff and others
being forced to eat unsanitary food.

80.   Plaintiff, alleges the open sewer drains in the kitchen
are unclean and resulting in the accumulation of sewer gases. The
utensils and kitchen equipment is antiquated and poor organized
and difficulty to keep clean, including the hoods of the ranges,
aren't properly cleaned. in addition sanitation deficiencies are
compounded by a highly irregular and ineffective cleaning program,
the floors, walls, windows, and food storage shelves throughout
the Food Services area are soiled with dirt and rodent's dropping.

81.   The dishwashing equipment is poorly and improperly main-
tained, which means frequently unsanitarized trays, drinking cups
and ect., are going out for usages through the meal lines. Plaintiff
and other inmates have to sort through several sponns and forks,
cups to find clean ones.

82.   Plaintiff, further alleges that due to the lack of vent-
ilation, violatilized the grease from the stoves spreads throught-
out the kitchen, accumulating with dirt and thus aggravating the

basic hygiene problems in the food services area. Plus on top of the hoods over the stoves there are mice feces and dead mices.

83. Plaintiff, alleges that the food products which can support food borne diseases are not properly stored and are often left out at room temperature. Food preparation surfaces and cooking equipment are not proerly cleaned and therefore provide area for significant bacterial growth. Food when it is being served to the prisoners and Plaintiff are kept at substandard temperture, due to the improper use of available equipment.

84. Plaintiff, further alleges that prisoners are not given basic instruction on food protection and food service sanitation, consequently food items are often left uncovered, allowing rodents and roaches to contaminate it, Plaintiff and others have noticed workers that work in the kitchen and around food not wearing gloves or hair nets.

85. 85. Plaintiff, alleges that pools of standing water and under the tiles resulting in heavy deposits of grease and grime, including on exposed surfaces and condensation into the food un-sanitary, unclean food contact surfaces, dried food residues and food preparation equipment. Food is after it arrives, contaminated with foreign objects suchas [roaches, hair, etc.] and incredibly bits of plastic from, bags to other thing.

86. Plaintiff, alleges that the lack of adequate supervision and survellance of prisoners has contributes significantly to the unsanitary conditions because the staff allows the prisoners to take the hand soap in the restroom for other purpose leaving the restrooms without soap, so nobody's washing their hands. There

are no medical diets or special diets because no staff member pays any attention toa prisoner that might need a diet.

87.   Plaintiff, alleges these deficiencies have long been a serious problems and the unsanitary acts have a direct impact on the health of the Plaintiff and other prisoner. Thereconditions are grossly inadequate and Constitutionally Impermissible.

88.   The conditions in the Food Service Area at the FCI are unsanitary and have a substanial and immediate detrimental impact upon the health of the prison population.

I.   MEDICAL, DENTAL CARE AND CLASSIFICATION.

89.   Plaintiff, alleges as the population at the FCI skyrocket the quality of medical care declined, because of the blatant in-adequacy of health care delivery system. Prisoners in need of medical help are given between five(5) and fifteen(15) minute for an eval-uation and treatment. As would be expected, there are numerous instances of neglect, misdiagnosis and maltreatment.

90.   The inefficient prison classification system in many case there are conflicts between the prisoners due to incompability as cell-mates. There are prisoners that are double- celled that exhibits assaultive, aggressive or sexual behavior problems or has a serious psychiatric or medical impairment.

91.   The clinic staff make a little attempt to evaluate and classify a prisoner on what teh prisoner tell them when they arrives at the FCI, because the clinic is overcrowded and the prisoners are double-celled before the are evaluated. Furthermore, the clinic relies on information provided by the prisoner to determine suit-ability for double celling.

92.  There has been instances when a prisoner has been double-celled even though his propensity for violence, emotional instability, primitive personal hygiene habits or past encounters with a designated cell partner clearly indicate that he should be single celled.

93.  The failures of FCI-Terre Haute extend across the board, forms inadequate, incompent medical care and it is a matter of such a large scale failure as to the deliberate indifference of serious health needs. The medical facilities, equipment and the staff are inadequate and incompetent and insufficient to deliver adequate medical care to the prison population. This includes medical treatment for prisoners physical illness, dental and psychological/ psychiatric.

94.  Because of the overcrowding the lack of medical and psychiatric doctors and nurses, treatment is also shockingly deficient. There are insufficient staff to treat the increasing number of prisoners, incarcerated at the FCI., serious illnesses such as HIV or AIDS, and other known dangerous viral contagiousness are not properly diagnosed and priosners with severe mental illnesses are not segregated from the rest of the population and the area where psychiatric care is given is in shambles.

95.  The FCI., does not have an operating infirmary and beds but, however in the past when the FCI was a USP it did have an infirmary and beds, but its closed down and demolished like in condemned, it been trashed and loaded with dead mice and birds. The failure of medical staff to adequately screen newly arrived prisoners for communicable diseases, which would result in the threating of the well-being of the Plaintiff and other prisoners

is very serious, that an infectious diseases has not actually
spread, but it could.

96.   The failure to screen, created an indiscriminate threat
to all prisoners however, prisoners cannot very well be sure to
confine the spread of their diseases to other groups. In addition
the deficient of only two(2) doctors, and one dentist, for the 1200
prisoners population, dental care coverage remains indequate to
meet the needs of the FCI population.

97.   The inefficient prison classification system in many
cases there are conflicts between the prisoner that are double-
celled that exhibits assaultive, aggressive or should not be celled
together.

98.   Plaintiff, alleges the function of the medical services
and the facilities at the FCI., has not been defined and resulting
in confusion and a misunderstanding as to its basic purpose, however
it seems the facilities and the staff are inadequate as either a
hospital rendering extensive medical care or as a temporary infir-
mary designed to meet only routine and emergency medical needs.

99.   The medical services are on the first floor of the East-
side. Which includes a dental treatment room, one(1) emergency
room, two(2) examination rooms two(2) doctor;s room and offices and
two(2) small rooms one for lab and the other for X-ray, all the room
are confined and congested.

100.   Plaintiff, alleges as the population at the FCI., the
quality of health care delivery system fell below the Constitutional
requirements. prisoners in need of medical help can't get any,
because after midnight to 6:00am, there are no medical staff on duty.

H.  FIRE SAFETY.

101.  The sustandard fire prevention at FCI., is very poor
in the units, which is endangering all the prisoners health and
lives, because there are no fire extinguishers in the housing
units, with the except of one(1) that is lock in the unit officer's
office, in which prisoners has no way to battle small fires, how-
ever, there are old equipment of a fail smoke detector/fire alarm, it
doesn't work. The skeleton of a new fire alarm system is being
installed slowing, but is not working also. Not fire drills have
every be explained or practiced. Prisoners have the right[s] not
to be subject to unreasonable threat of injury or death by fire
need not wait until actual casualties occurs in order to obtain
relief from such conditions.

102.  There is a serious fire safety hazard at the FCI., the
smoke exhaust fans in the units don't and wounld not be adequate
to protect prisoners from smoke inhalation. The lack of fire safety
equipment is exacerabrated by the high combustible materials in the
storage areas and in the housing units are very dangerous, because
the fire system does not work or been tested.

103.  The physical problems at the FCI., is the lack of an
emergency evacuation plan or fire prevention equipment. A dangerous
situation is created by the dearth of the equipment, the combust-
ibility of portions of the prison and the lack of staff training
for emergency evacuation.

104.  A serious fire hazard in the cell blocks and the age of
the structure, because the numerous coats of paint on the walls.
in the event of a serious fire, the requirement of the officers

would have to individually unlock each cell door with a key that could easily result in a loss of life and a disaster of the most serious proportions. There are exits only at the North and South end of the cell blocks and those lead into parts of the prison. The heavy reliance on the actions of the prison officers to facilitate evacuation, that the personal safety of the prisoners is all but ignored.

105.  The cell houses and cells sprinkelers throughout, but there are no emergency exit to the outside except through keyed doors(locked) or through barred window to the outside yards. However, there are some fire extinguishers and fire fighting equipment, but it kept behind locked bar-doors and are inaccessible to anyone without a key and none can be reach by the prisoners only by the staff.

J.  COMMISSARY AND SMOKING.

106.  Plaintiff, alleges that here at the FCI., the commissary is over charging prisoners up 35% to 55% markup or more on all items with the exception of stamps, this is unconstitutional compare to the other prisons prices.

107.  The Federal Bureau of Prisons should not be allowed to be marking up the prices on items as those in the free society. Items that are priced higher tham it would be in the supermarkets in the real world.  The pay rate are to low for this.

108.  The Warden placed a band on smoking for the prisoners, but not on the staff, which has the OK to smoke inwhich the warden designated, however when the band on smoking started that when the commissary prices started to rised, up to 50%, because of the lost of tobacco sales.

22.

109.   The Federal Code of Regulations commands the Warden to desingate the smoking areas, it does not say that the Warden can take smoking out of the FCI without the Federal Law , the Constitution and Legislation saying to stop smoking. There is no Law that say the Warden has the right to violation of the Constitution under the First Amendment of Choice.

110.   The deprivations suffered by plaintiff appears to have been the results of an on going patterns of conduct, practices procedure of all the Defendants herein. The Plaintiff is cognized that the Defendants will continue their deliberate indifferences to deprive the Plaintiff of his Constitutional Rights and continue to place plaintiff and others in a Cruel and Unusual Punishment situation, plus keep denying plaintiff and others Due Process of the Law.

V.

### FIRST CLAIM FOR RELIEF

A. VIOLATION OF THE FIRST, FIFTH AND EIGHTH CONSTITUTION AMEMDMENTS.

Plaintiff, realleges and incorporate paragraph (1) thru (110) of this civil complaint and further alleges as set forth herein.

1.   Plaintiff, complaint sufficiently alleges that the prisons conditions are dangerous and the prison personnel were/are subjcetively aware of Plaintiff being put in a unsafe conditions of confinement, by Defendants.

2.   United States of America through the Federal Bureau of Prisons has a duty to provide suitable quarters and for the safe-keeping care and subsistence of all persons convicted of offenses against the United States.

23.

3.  The Federal Bureau of prisons has failed to properly
house and care for Plaintiff, which he is ill-placed because of
the Defendants malfeasance and nonfeasance and deliberate
indifference has caused suffering, pain and discomfort unjustly
and without cause to the Plaintiff.

4.  The Defendants individually and virtue of law, in their
personal capacities, but said acts were illegal and each individual
Defendant inconcert with each other acted deliberate and willfully
betrayal of trust and confidence that was invested with them
through the United States of America and the Federal Bureau of
Prisons with specific intent to deprive the Plaintiff of his
Constitutional Rights to a clean and safe conditions of confinement
and a safe environment.

5.  Defendants, has a statutory obligation to provide a safe
and healthly environment and to provide adequate and competent
medical treatment/care and well-being of Plaintiff, as well as
others in there custody and control. There failure to intervene
to prevent the unsanitary healthly, dagerous, and hazardous conditions
reflected a reckless and callous indifference to the Plaintiff safety.

6.  As a direct result of said violations of Plaintiff's
Constitutional Rights to medical and a safe environment. Plaintiff
was made to suffer emotionally, discomfort and was deprived of
minimal civilized measures of life's necessitities.

7.  Defendants nonfeasance has caused the dangerous, unhealthy
and unsanitary conditions of confinement, by Defendants ill-failure
to prevent the dangerous and hazardous condition have caused emotional
pain and insecurity as a result. Defendants, including the FBOP,

24.

DOJ and United States have a Constitutional duty to provide a safe environment, 'inter alia' pursuant to Title 18 U.S.C. 4042(a)(1)(2)(3).

8.  By Defendants' ill-failure to exercise the standard of care that a reasonable prudent person would have done in a similar situation, Defendants ill-conduct fell below the legal standard established to protect Plaintiff against unreasonable risk-of-harm. Plaintiff is put in a location which is both dangerous and hazardous, created by the Defendants deliberate indifference.

9.  Defendants individually and inconcert with each others, under the pretense of colour and virtue of law and in their personal capacities, but said act[s], were/was illegal and each Defendant individually and inconcert with the others act[ed] deliberately, intentionally, wantonly, disregardful of Plaintiff's rights to be in a safe environment. Defendants betrayal of trust and confidence that was/is invested with them through the United States and the Federal Bureau of Prison with speccific intent recklessly disregarded their legal duty and consequences of their action deprived Plaintiff of his rights to a safe environment.

10.  Defendants were/was under a clearly established Constitutional duty to protect Plaintiff from harm. Deffendants should have exercised the proper degree in reference to provisions of guarantees, safekeeping and care of the Plaintiff. The Defendants would have treated the hazardous conditions seriously or at least considered it and taken unsanitary indequate Medical/Dental problems into account, Plaintiff would have not been placed in a Cruel and Unusual Punishment.

25.

11. Defendants, are directly liable and responsible for the unsafe unsanitary and inadequate Medical/Dental. Plaintiff has suffered by their willful, knowing and reckless failure to correct the unsafe unsanitary and dangerous conditions, therefore, creating an atmosphere in believing such willful and wanton misduct would be condoned and justified by their Superiors.

12. As a direct result of said violations of Plaintiff's Constitutional Rights to a safe and healthy environment, Plaintiff is forced into a cell that has only 60 square feet and because of the conditions, Plaintiff's was made to suffer emotionally and deprived of live's necessity. Because of the willful, wanton and neglectful actions of the Defendants. Therefore, Defendants had no justification in law and their was gratuitions improper.

13. The reckless endangerment act[s] of Defendants herein alleged committed either on the instructions of Defendants, Nalley, Bezy, Veach and Marbury, as their positions as Director and Wardens, the acts and conduct of said Defendants alleged herein represent the official policies of the FBOP.

14. Defendants Knowing of the dangerous and hazardous con-ditions and knowing also that by forcing two(2) prisoners in a cell that was designated for one Prisoner, demonstrates their willful neglignece to the safety of Plaintiff and other Prisoners.

15. Defendants appear to be violating Constitutional standards for a safe environmant and actual controversy exists between the parties as to the interpretations of the Constitutional mandate for a safe environment conditions and overcrowding unsanitary conditions. Plaintiff is a victim of punishment administered in a

26.

disproportionate manner and constitutes cruel and unusual punishment
which was unwarranted cruelty, unjustiable and excessive.

16. Defendants, knowing of the overcrowding and knowing also
of the inadequacies and deficiencies in the medical facilities staffing
and procedures at the FCI., having a duty under the Fifth and Eighth
Amendments to establish and implement policies, regulation and procedures
designed to assure that Plaintiff receive competent and adequate care in
the comformity with standards for delivery of medical/dental treatment-
care under the Eighth Amendment.

VI.

SECOND CLAIM FOR RELIEF

B. CRUEL, UNUSUAL AND INHUMANE CONDITIONS OF CONFINEMENT.

Plaintiff realleges and incorporates paragraphs (1) thru (110)
of this civil complaint and further alleges as set forth herein.

1. Defendant, USA owns the FBOP and the FCI-Terre Haute and
Lappin, Gonzales and Mukasey are/was the authorities responsible for
making official policies for said conducting of the operations and
management of the FBOP and have custody of all prisoner detained or
incarcerated in the Federal Systems.

2. Defendants Lappin, Gonzales, Mukasey and Nalley were/are
acting under color of Federal Law and Authority and were deliberately
indifferent and negligent of their responsibility to Plaintiff while
they are in the Defendants care, control and custody as a Prisoner.

3. Defendants, Lappin Gonzales, Mukasey, Nalley, Bezy, Veach,
Marbury and Jett, knowingly knew that the overcrowding of cells,
unsanitary conditions, inadequate improper and incompetent medical-
dental, no diets, are medically dangerous and unsafe, also the

27.

Defendants knowingly violated the Eighth Amendment by placing two(2) prisoners in a cells that was designed for one(1) prisoner, poises a clear and present danager to the health and safety of Plaintiff as well as other prisoners.

4. Defendants all knew that the dangerous and hazardous conditions existed and knew the conditions in the cells was un-safe and poised a clear and present danger because of no ventilation of the cells is unhealthy and unsafe.

5. The Deffendants all having the power to correct the infirm conditions, willfully, deliberatily, reckless, with gross negli-gence and with their deliberate indifference disregarded the medically dangerous risk. The failure on the part of Defendants by not taking any action[s] to prevent such infirm conditions constituted a practice, policy and regulations which deprived the Plaintiff of his Constitutional Rights to be free from Cruel and Unusual Punishment.

6. The deplorable conditions which existed at the FCI., at all time relevant hereto which are, due to the act[s] of mal-feasance and nonfeasance, which cause the violations of the Plaintiff's Eighth and Fifth Amendment Rights to Due Process and Equal Protec-tion of the Law, rendering the Defendants liable.

7. Defendants, Lappin, Gonzales, Mukasey, Bezy, Veach, Marbury, and Jett individually collectively was/as the appointees knowingly disregarded the unsanitary conditions in the FCI., by their mal-feasance and nonfeasance, failed to alleviate the conditons which led to Plaintiff and others being denied adequate and proper

28.

competent medical treatment/care 'inter alia'.

8.   Defendants Lappin, Gonzales, and Mukasey at all times hereto
mentioned, is the Director and was/is Attorney General, as such they
are the commanding Officerrs of all other Defendants and all are
responsible by law for enforcing the regulation, policies, procedures
and rules of the Federal Bureau of Prisons.

9.   Defendants , possessed knowledge of both the daangerous
and hazardous condition and have the means to cure the infirm con-
ditions and inadequate medical/dental conditions, but still the
Defendants intentionally refused to prevent the unsanitary conditions
so that a conscious, culpable refusal. Defendants, were/are under
a clearly established Constitutional Duty, to the dangerous and
hazardous unsanitary conditions. Its seems that the Defendants are
unwilling to handle the problems situations.

10.   Defendants, knowingly knew or should have known of per-
vasively, obviously, unmisstakeable dangerous and hazardous conditions
at the FCI., with willful and reckless disregard for the Unconsti-
tututionally infirm conditions. Defendants acted with deliberate
indifference, infringing on a clearly established Constitutional
Right[s] of Plaintiff.

11.   Defendants, negligently operated and managed the FCI by
failing to properly supervised the review the operatios and manage-
ment, as well as the activities and work performs of all Defendants.

12.   As a result of the overcrowding, dangerous, unsafe, un-
sanitary and hazardous condition, indequate, incompetent, and
improper medical/dental treatment/care, has caused Plaintiff to
be forced to suffer 'physical pain' and to continues to suffer

29.

mental and emotional harm and damages to his self-esteem.

13.   Defendants, failed to adequately supervise the actions or inactions of the correctional staff and failed to provide a safe living condition and maintain adequate and proper medical-dental treatment/care, inwhich Plaintiff have suffered physical harm perpetated by the Defendants, from whom Plaintiff's was not reasonably protected from harm.

14.   Defendants, knowingly knew that the overcrowding of cells,lack of adequate ventilation, fire safety, sanitation, medi-cal/dental treatment/care and the lack of clean water(rust water), alone with adequate cleaning supplies, coupled with dangerous and hazardous conditions indequate classification of prisoners and placement of two(2) prisoners in cells designed for single occ-upancy, knowingly poised a clear and present danger to the safety of the prisoners and plaintiff. Despite having the power to correct these conditions, Defendants willfully, deliberately negligently and with malice continued to permit these Unconstitutionally violations to occur, including but not limited to permitting the 'Cruel and Unusual Punishment' suffered by the Plaintiff.

15.   The unhealthy and unsanitary conditions which exist at the FCI., which were and are directly attributable to act[s] omissions of Defendantss, thereby, violating the Plaintiff's Constitutional Rights to be free from Cruel and Unusual Punish-ment and Equal Protection under the laws as guaranteed by the Fifth and Eighth Amendments rendering the Defendants liable.

16.   Defendants being so situated that any one of them could have acted to prevent the unsafe and unsanitary conditions of confinement, thats causing the Plaintiff and others were/are

30.

contentiously exposed to a physical dangerous condition.

VII.

C. VIOLATION OF CIVIL RIGHTS, THE FIFTH AMENDMENT, DUE PROCESS
AND EQUAL PROTECTION.

Plaintiff realleges and incorporates paragraphs (1) thru (110) of this civil complaint and further alleges as set forth herein.

1. Plaintiff complaint sufficiently alleges, that the prison personnel were subjectively aware that the Plaintiff was denied Due Process and Equal Protection, inwhich Plaintiff was injured by the denial.

2. Defendants were/are deliberately indifferent, with knowledge for the very purpose of causing harm. Defendants standard of behavior is marked by their persistent negligence and carelessness.

3. Defendants unrestrained reckless misconduct has further enhanced Plaintiff's suffering by placing him in a Cruel and Unjust' position inwhich he was forced to live in and unsanitary and unsafe conditions of confinement by Defendants willfull and wanton acts.

4. Plaintiff, further alleges that the failure of Defendants Lappin, Gonzales, Mukasey and Nalley, to take action against the other Defendants for dening the rights to a safe and sanitary, conditions of confinement, demonstrates wanton and reckless, misconduct and reckless disregarding the Rights of Plaintiff contributing to the Constitutional violations.

5. Plaintiff is cognized alleges that the Defendants was/were aware of and approved of and generally participated in, said denial of Due Process By the Defendants of Plaintiff's.

6. Defendants knowingly knew of the facts that the Plaintiff faced a substantial risk of serious harm and failed to take reasonable

31.

steps to prevent the incompetent, improper, indequate medical care, the unsafe, unsanitary and dangerous and hazardous conditions of confinement from occurring. Defendants misfeasance, nonfeasance and wanton misconduct failed to act in the face of an unjustifiable high risk of harm that is either known or so obvious that is should have been known.

7.   Plaintiff was injured by the actions of Defendants displaying negligence with intent to deprive plaintiff of Rights, by the breach of fiduciary duties and have caused the conditions of confinement by knowingly denying Plaintiff, of his Fifth and Eighth Amendment Rights to Due Process and Equal protection, and to be free From Cruel and unusual Punishment.

8.   Defendants have a Constitutional duty to protect Plaintiff and the Defendants were aware of the fact that the serous condition existed by intentionally, unnecessarily and recklessly endangering Plaintiff, because of an unjustifiable high risk imposed upon Plaintiff.

9.   Plaintiff has stated a proper cause of action because of prison authorities. The aforesaid acts of malfeasance, nonfeasance and oppression under their offices, and/or omissions were negligent and/or reckless and/or intentional, thereby exposing Plaintiff to undue suffering and inflicting pain and threat of tangible residue injury.

## VIII.

### FOURTH CLAIM FOR RELIEF

D.   CIVIL AND CRIMINAL CONSPIRACY IN VIOLATIONS OF 42 U.S.C.
     §1985(A)(3)(4) AND TITLE 18 U.S.C. §§241 AND 242.

Plaintiff realleges paragraphs (1) thru (110) of this Civil

32.

complaint and further alleges a Civil and Criminal Conspiracy.

1. Various defendants and individuals, not made a defendant in this complaint, participated as co-conspirators with the defendants, in violations alleged in this complaint, and performed acts that were in furthereance of the conspiracy.

2. Plaintiff, like others before him has been impriosned and defrauded of his right[s] to adequate, medical, sanitary, and a safe environment. Beginning in August 9, 2006, when Plaintiff arrived and continuing to the date of filing of First and this Second amended complaint, there has been a continuing combination of conspiracy of deliberate indifferences by the Defendants, in an unreasonable restraint.

3. The combination and conspiracy consisted of a continuing agreement, understanding and concert of action among the Defendants and co-conspirators, the substantial term of which was to place Plaintiff and others in an unsafe environment, so as to keep Plaintiff and others from getting adequate and competent medical-dental care.

4. Defendants, by their malfeasance and act[s] and omissions were for the very purpose of causing harm with knowledge that harm would result.

5. Defendants, were co-conspirators engaged in a scheme and conspiracy designed and intended to deny and deprive plaintiff of, and others of their right[s[ as protected by the Constitution.

6. The failing of the Defendants to alleviate a significant risk that they should have perceived, but did-not, by the breach of fudiciary duty and overt act[s] had caused a "Civil and Criminal Conspiracy" to deprived Plaintiff of his Constitutional Right[s].

33.

7.   All the Defendants have a Constitutional Duty to protect the Plaintiff and by their nonfeasance Defendants failed to act in the face of an unjustifiable high risk of harm and injury which was so obvious they should have known.

8.   Defendants, individually and inconcert with each other, acted under pretense, color and virtue of law[s] and in their personal capacity, but said act[s] were illegal and each Defendant, individually and inconcert with others, acted willfully, knowingly and with specific intent to deprive Plaintiff and therefore, warrants the imposition of damages.

9.   The conduct of Defendants was/is willful, wanton and with an evil motive intent with reckless disregard for the Right[s] and Safety of Plaintiff and therefore warrants the imposition of damages.

10.   In doing the act[s] alleged herein, each of the above-named Defendants acted as agents for and on behalf of the united States and the Federal Bureau of Prisoners and was acting at all times material herein the scope of their respective agencies and in further-erance of the above-described conspiracy.

IX.

Fifth claim for relief

E.   INTERFERENCE WITH PLAINT'S CIVIL RIGHTS IN VIOLATION OF Title 42 U.S.C. §1986.

Plaintiff realleges and incorporates paragraphs (1) thru (110) of this civil complaint and further alleges that Defendants have interfered with Plaintiff's Civil Rights as set forth herein.

1.   Plaintiff is injured in the nature of an unsafe environment, inadequate medical/dental treatment/care, by the actions of the Defendants by displaying negligence with intent to deprive Plaintiff

34.

and others of their Right[s] by breach of the Constitutional Duty
and have casued the injury by committing a Civil Conspiracy by
denying Plaintiff and other of their Constitutional Rights to be
free from Cruel and Unusual Punishment.

2.   In addition, the Defendants and the Federal Bureau of
Priosns and their officiers, agents and employees were grossly
negligent by failing to alleviate the dangers of the unsafe
environment. On the date in question when they individually and
collectively knew of the dangers or in the exercise of ordinary
care should have known based on prior experience, that this practice
made it highly forseeable, in the dangerous conditions.

3.   Defendants and their officers, agents assistants and
empl oyees, individually and collectively were negligent with
deliberate indifference in allowing Plaintiff and others to be
in placed in an unsafe environment and conditions of confinement
that is dangerous. Putting Plaintiff and others in a situation
knowing that an injury would be-fall upon Plaintiff and others,
the actions of the Defendants made it highly forseeable that plaintiff
and others would be physically injured.

4.   In addition Defendants and their officers, agents assistance,
and employees significantly failed to provide safety and protection
for Plaintiff and others by failing to take action and cure the
problems.

5.   The acts of the Defendants, each subjecting the Plaintiff
to Cruel and Unusual Punishment in violation of the eight Amend-
ment to the Constitution and the Fifth Amendment Right to Due Process
and Equal Protection, causing Plaintiff to suffer an irreparable injury.

35.

6.   Plaintiff is injured and has suffered great pain of the body and mind from the unsanitary conditions and unsafe conditions, which also hurt Plaintiff emotionally and caused a psychological injury.

7.   Defendants were aware of the fact that the unsanitary conditions were danger, they acted intentionally and unnecessarily recklessly endangered the Plaintiff, therefore inflicting pain upon the Plaintiff by their negligence.

8.   Defendants aforesaid acts of malfeasance, nonfeasance and oppression under their offices and/or ommissions were negligent and or reckless and or intentional.

9.   Plaintiff, has stated a proper cause of action because of prison authorities have denied reasonable safety measures in the face of such an obvious need for attention when Plaintiff was thereby exposed to undue suffering or with the threat of tangible residue injury.

10..   Plaintiff has established a duty of care owed to him by the Defendants pursuant to Title 18 U.S.C. §4042.

### X.

### PRAYS FOR RELIEF

WHEREFORE,Plaintiff prays for relief as follows:

1.   That the court determine and enter judgment declaring that the act and acts and omissions of Defendants, as set forth herein violated  Plaintiff's Rights secured to Plaintiff by the First, Fifth, and Eighth Amendments of the Constitution of the United States.

2.   Enjoin the Defendants , their employees, agents and successors in office from refusing to provide complete medical and/or delaying provision necessary medical treatment/care to Plaintiff and others

either at a suitable and adequate facilities within the Federal
Bureau of Prisons or elsewhere.

3.   Enjoin the Defendants and their successors in office from
failing to instruct, supervise and train their employees and agents,
in such a manner as to assure the delivery of medical/dental treatment-
care to plaintiff and others which consistent with the standards
of medical care and sanitary conditions under the Eight Amendment.

4.   That the court establish a panel of independent sanitation,
ventilation, plumbing, kitchen, and medical experts to evaluate
the delivery of safe and sanitary procedures and policies and also
for the medical/dental treatment/care clinic at the FCI and insure
the compliance of the Defendants and their successor in office with
this court.

5.   Plaintiff demands a trial by jury of at least (12) as to
all issue so trialable under the Seventh Amendment herein.

6.   Plaintiff, demands judgement for the willful and wanton
negligent acts of Deliberate Indifference of the Defendants.

7.   Award Plaintiff compensatory damages from each Defendant
in the amount of Eight-Hundred-Dollars a day from Aug. 09,2006 to
the present, for the Deliberate Indifference and for the wanto and
reckless misconduct.

8.   Award Plaintiff consequential damages from each Defendant
in the amount of Seven-Hundred-Dollars a day from Aug. 09,2006 to
the present, for injuries substained from the willful and wanton
breach of a Constitutional Duty.

9.   Award Plaintiff exemplary damages from each Defendant
in the amount of Five-Hundred_Dollars a day from Aug. 09,2006 to

the present, for injuries cause by the willful and wanton aggravated breach of the Federal Laws and oppression under their offices.

10.   Award Plaintiff damages from each Defendants in the amount of Four-Hundred-Dollars a day from Aug. 09,2006 to the present, for forcing the Plaintiff and others to live in an Unconstitutional conditions of confinement and exposing Plaintiff to a dangerous and inhumane environment.

11.   Grant such other relief as it may appear that the Plaintiff is entitled to.

Dated this 5th day of Feb., 2008.

Respectfully submitted,

Carl McIntosh 22260-044
FCI-Terre Haute
P.O. Box 33
Terre Haute, IN 47808

CIVIL RIGHTS COMPLAINT
END